## No. 9146.

### SUCCESSION OF PHILIP HOGGATT.

#### On a rule on administratix to pay debts.

The decretal part of a judgment rendered by the Supreme Court, and not the opinion or the reasons, afford the proper test to ascertain the matters which become *res adjudicata* under the decree.

An order or judgment rescinding an order of appeal previously obtained by a party to a suit will be annulled and set aside if it appears that the rescinding order was rendered after the death of the party who had obtained the appeal.

The latter's administrator is competent to prosecute an appeal from such a judgment.

APPEAL from the Eighth District Court, Parish of Madison. *Delony,* J.

*James T. Coleman* for Plaintiff and Appellant.

*Jno. B. Stone* for Defendant and Appellee.

## ˙N TO DISMISS.

The opinion of the C.     ..s delivered by

POCHÉ, J.   The administratrix urges that this appeal cannot be maintained because it is taken from a judgment which had already been pronounced a nullity by a decree of this Court.

The following statement of previous proceedings is necessary to a proper understanding of the grounds of this motion:

In the suit of Thomas S. Martin vs. Thomas W. Watts and Philip Hoggatt, a final judgment was rendered by this Court in March, 1882, in favor of Martin and against Watts and Philip Hoggatt, through the administratrix of the latter, who had died *pendente lite.*

Subsequently, Martin took a rule against the administratrix of the Hoggatt succession looking to a sale of property to satisfy his judgment.   On a defense alleging the nullity of that judgment the rule was dismissed by a decree signed on January 12, 1883, from which judgment a devolutive appeal was obtained on the same day.

On return of that appeal to this Court, in February, 1883, appellee moved for its dismissal on the ground that Martin had died on the 13th of January, 1883, and that no appeal bond had been furnished by himself or by his legal representative.   That motion prevailed and the appeal was ordered to be stricken from our docket, for the reason that no appeal was properly before us.   Opinion Book 57, fo. 546.

In the meantime, on January 17, 1883, the appellee had filed a motion for the rescission of the order of appeal of the 12th of that month on the ground of the alleged acquiescence of appellant in the judgment complained of.   That motion was sustained in a judgment rendered on the 19th of the same month.

The present appeal was granted on petition of the administrator of Martin's succession, on January 14 of the present year, and is from the judgment of January 19, 1883, rescinding the order of appeal of January 12, preceding.

The merits of the motion turns upon a correct construction of our decree striking the case from our docket.

That decree was not intended to declare the nullity of any proceedings which had taken place in the lower court; and, hence, it cannot be construed as having any greater effect than to brush away the appeal which was not properly before us.   Any language in the opinion intimating that all proceedings had after the death of Martin were null, is nothing more than an expression of opinion, and a declaration of a well recognized principle of law.

In order to ascertain the matters which are adjudicated in a judgment, recourse must be had to the decretal portion of the judgment and not the body or reasons of the same. Having refused to entertain the appeal, the Court could not, and did not, assume to pass upon any matters or issues involved in the judgment appealed from.

The present appeal presents the question of the validity of the order rescinding the devolutive appeal taken by Martin, before his death; it is properly before us, hence, the motion to dismiss cannot prevail.

## ON THE MERITS.

It is conceded by both parties that Martin died on January 13, 1883, hence, it follows that the judgment rendered on January 19, rescinding the order of appeal, previously granted him, is an absolute nullity and must be set aside.

But this case, however, presents a very anomalous state of affairs.

For instance, we have appellee who loudly proclaims the nullity of the judgment in question, rendered in her favor. And, on the other hand, appellant's counsel disclaims, as a reason for its nullity, the fact that Martin had previously departed this life. His contention is that the record affords no proof of Martin's death, and, hence, he is clamorous for a decision reversing the rescinding order on its merits.

In the heat of argument his counsel manifestly forgets that this very appeal rests on an order granted on the petition of "A. W. Crandell, administrator of the succession of Thomas S. Martin," who, it is stated therein, died in Louisville, Ky., on the 13th of January, 1883.

Hence, we rest our conclusion as to the nullity of the rescinding order on the fact that it was rendered against Martin after his death.

But before closing, we must correct another error of appellant's counsel, who thinks that on this appeal we have the power to dispose of the judgment discharging his rule on January 12, 1883. In his petition of appeal he had prayed for an appeal from both judgments—that rendered on January 12th, and the other rendered on January 17th, following.

But in his order on that petition the district judge very guardedly restricted the appeal to the judgment rendered on January 19th. That restriction has doubtless occupied counsel's attention. But, nevertheless, its effect is unavoidable and its result is that the judgment of January 12, 1883, is not before us. Hence, we cannot look into it.

The effect of the decree which we propose to render in the premises will remove the obstacle which stood in the way of the appeal taken

by Martin before his death.   We express no opinion as to the status of that appeal, or in answer ·to appellee's suggestion that it is now too late to perfect and bring it up.

It is, therefore, ordered and decreed that the judgment rendered on January 19, 1883, purporting to rescind the order of appeal granted from the judgment of January 12th, preceding, be and the same is hereby reversed and set aside at appellee's costs in both courts.